IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN LEE RICHES,

                                                                                                        ORDER

                 Petitioner,

                                                            08-cv-347-bbc

     v.

JANIS KARPINSKI, JEREMY SIVITS,
SABRINA HARMAN, MEGAN AMBUHL,
LYNNDIE ENGLAND, CHARLES GRANER,
IVAN FREDERICK, JAVAL DAVIS and
FCI WILLIAMSBURG,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JONATHAN LEE RICHES,

                 Petitioner,

                                                            08-cv-346-bbc

     v.

IAN BAKER-FINCH, BOBBY
CLAMPETT and BUREAU OF PRISONS,

                 Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        The federal court's PACER system shows that at least since August of 2007, petitioner

1

Jonathan Lee Riches, a prisoner at the Federal Correctional Institution in Williamsburg, South Carolina, has struck out under the Prison Litigation Reform Act. <u>See</u>, <u>e.g.</u>, <u>Riches v. Bureau of Prisons</u>, No. 6:06-CV-0194-MBS (D.S.C. Mar. 17, 2006); <u>Riches v. Guantanamo Bay</u>, No. 2:07-CV-13041-VAR (E.D. Mich. Aug. 8, 2007); and <u>Riches v. Swartz</u>, No. 7:07-CV-00379 (W.D. Va. Aug. 13, 2007). Nevertheless, he has been able to bombard the federal courts across the United States with a total of 1834 lawsuits, 1540 of them since the start of 2008. The hardest hit courts in January 2008 were the Northern District of California with 205 filings, the Northern District of Virginia with 152 filings, the Eastern District of Pennsylvania with 52 filings, the Northern District of Georgia with 55 filings, and the District of South Carolina with 50 filings. Petitioner also filed lawsuits in January in Florida, Maine and Maryland, for a grand total of 533 suits.

The Northern District of California put a stop to petitioner's filings quickly, see <u>Riches v. Giambi</u>, No. C 07-6156 MJJ(PR) (N.D. Cal. Jan. 2, 2008) (dismissing 22 cases as legally frivolous and restricting petitioner from filing "any civil complaints in this Court without payment of the full statutory filing fee"). <u>See</u> <u>also</u>, <u>Riches v. Foxworthy</u>, No. C 08-0068 MJJ(PR) (N.D. Cal. Jan. 16, 2008) (dismissing 21 cases as legally frivolous and for failure to comply with Jan. 2 order); <u>Riches v. Mayweather</u>, C 08-0381 MJJ (PR) (N.D. Cal. Jan. 30, 2008)(dismissing 54 frivolous actions); <u>Riches v. Earvin Magic Johnson</u>, No. C 08-0061 MJJ(PR) (N.D. Cal. Jan. 23, 2008) (same; dismissing 13 frivolous actions);

2

Riches v. Fawcett, C08-0441-MJJ(PR) (N.D. Cal. Jan. 30, 2008) (dismissing 60 frivolous actions).

Out of luck in California, petitioner turned his attention in February to the Western District of Virginia, filing 105 cases there. In addition, he pelted the District of South Carolina with another 88 cases and the Northern District of Georgia with another 47. He also filed suits in Maryland, New York, Pennsylvania, Louisiana, Kentucky, Hawaii, Oregon and Ohio, for a total of 282 filings. Virginia curtailed petitioner's activities immediately. See, e.g., Riches v. Various Defendants, No. 7:08-cv-0084 (W.D. Va. Feb. 12, 2008) (dismissing 21 cases for failure to pay or demonstrate imminent danger); Riches v. Various Defendants, No. 7:08-cv-0111 (W.D. Va. Feb. 19, 2008) (dismissing 36 cases). So did at least one judge in Northern Georgia. See, e.g., Riches v. Various Defendants, 1:08-cv-0056-WBH (N.D. Ga. Feb. 4, 2008) (dismissing 28 cases for failure to pay filing fee, finding imminent danger allegations "lack[ing] sufficient credibility to qualify [for exception to 28 U.S.C. § 1915(g)]"); Riches v. Various Defendants, 1:08-cv-0282-WBH (N.D. Ga. Feb. 21, 2008) (same dismissing 29 cases). Petitioner remained undeterred.

In March, petitioner filed 252 new lawsuits in the Northern District of Georgia and 80 new cases in the District of South Carolina. At that point, United States District Judge Willis B. Hunt, Jr. of the Northern District of Georgia said "Enough." In an order dated March 25, 2008, dismissing 276 of petitioner's cases, Judge Hunt held that petitioner was

3

a "vexatious and abusive litigant" and permanently enjoined him from "filing or attempting to file any new lawsuit in this Court without first obtaining leave of the Court to do so." In re Jonathan Lee Riches, No. 1:08-cv-0498-WBH, slip op. at 2 (N.D. Ga. Mar. 25, 2008). Also in March, the Northern District of West Virginia summarily dismissed the cases petitioner had filed there in January. See, e.g., Riches v. Khanani, 1:08CV24 (N.D.W.V. Mar. 12, 2008) (dismissing 90 cases for failure to prepay filing fee, finding imminent danger allegations "irrational and wholly incredible"); Riches v. Dierks, 1:08cv02 (N.D.W.V. March 14, 2008 (dismissing 48 cases).

Like a bully banned from all but one neighborhood playground, petitioner spent his time in April 2008 peppering the District of South Carolina with 351 new cases. On May 17, 2008, United States District Judge Margaret Seymour entered an order in 82 of petitioner's cases, noting that petitioner had filed at least 34 cases in that court that had been summarily dismissed under 28 U.S.C. § 1915(e)(2), at least 82 that had been dismissed for lack of prosecution or failure to comply with an order of the court, and at least 93 that had been dismissed pursuant to the three strikes rule, not including the 82 complaints that were the subject of the May 17 order. Finding that petitioner's additional 82 cases "did not raise credible claims of 'imminent danger,'" she imposed a "prefiling injunction" requiring among other things that the clerk of court return unfiled any civil action petitioner submitted to that court unless he were to meet a series of requirements listed in the order.

4

See, e.g., Riches v. Peterson, No. 6:08-1092-MBS, slip op. at 6 (D.S.C. May, 17, 2008).

Petitioner's activities in May and June have slowed substantially. Nevertheless, he has filed suits in the Northern District of Florida, the District of Kansas, the Middle District of Louisiana, the Central and Southern Districts of Illinois, the Southern District of Florida, the Western District of Missouri, the Southern District of Indiana, the Northern District of Oklahoma, the Districts of Oregon, Wyoming and New Mexico, the Southern Districts of Iowa and Ohio, the Northern District of Ohio, the District of Delaware and most recently, the Western District of Wisconsin.

Petitioner is not welcome here. In case no. 08-cv-346-bbc, which he titles as a habeas corpus action under 28 U.S.C. § 2254, petitioner purports to sue former golf professionals Ian Baker-Finch and Bobby Clampett, along with the Bureau of Prisons, for unconstitutionally executing his sentence. This claim is obviously frivolous.

In case no. 08-cv-347-bbc, a proposed action brought under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), petitioner alleges that prison officials at the FCI-Williamsburg (without specifying who) spit in his food, denied him food, took pictures of him, threatened to give him electrical shocks and denied him a telephone and soap. In addition, he alleges that one of the named respondents "threatened to pull [him] with a dog leash." If this were petitioner's first lawsuit, I would be required to accept his allegations of fact as true and consider whether any one or more

5

of his allegations qualify for the imminent danger exception to § 1915(g). But this is not petitioner's first lawsuit or even his one-thousandth. It is his 1,834th.

When a serial litigant files hundreds of civil cases claiming "imminent danger," he suffers the fate of the boy who cried wolf. He loses all credibility; his allegations carry no weight. Petitioner's pattern of conduct reveals that his intent is to do nothing more than distract the courts' attention away from more deserving cases. Therefore, I am denying petitioner's requests for leave to proceed in forma pauperis in this court and dismissing his actions forthwith.

Moreover, in order to preserve the efficient function of this court, I am imposing two restrictions on petitioner. First, until he pays the $350 fee he incurred under the Prison Litigation Reform Act for filing his Bivens action in this court, I will follow the procedure set forth in Support Systems International v. Mack, 45 F.3d 185 (7th Cir. 1995) and direct the clerk of court to return to him unfiled any new civil action he might file. Second, if petitioner files any new habeas corpus action in this court, it will be deemed denied on the 30th day after filing unless this court orders otherwise, in accordance with Alexander v. United States, 121 F.3d 312 (7th Cir. 1997).

ORDER

IT IS ORDERED that petitioner's requests for leave to proceed in forma pauperis in these actions are DENIED and the actions are DISMISSED as legally meritless.

Further, IT IS ORDERED that until petitioner pays the $350 fee he incurred when he filed case no. 08-cv-347-bbc, the clerk of court is directed to return to him unfiled any new civil action he might submit for filing.

Finally, IT IS ORDERED that if petitioner files any new habeas corpus action in this court, it will be deemed denied on the 30th day after filing unless this court orders otherwise.

Entered this 25th day of June, 2008.

BY THE COURT:

*Barbara B. Crabb*

_____
BARBARA B. CRABB
District Judge

7